No. 26-1713

# In the United States Court of Appeals for the First Circuit

ActBlue LLC; ActBlue Civics, Inc.; ATS, Inc.;
ActBlue Charities, Inc.,

Plaintiffs–Appellees,

v.

Warren Kenneth Paxton, Jr., in his official capacity as
Attorney General of the State of Texas,

Defendant–Appellant.

On Appeal from the United States District Court
for the District of Massachusetts

## APPELLANT'S UNOPPOSED MOTION TO DISMISS APPEAL AS MOOT

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
(512) 936-1700

William R. Peterson
Solicitor General

Nathaniel A. Plemons
Assistant Solicitor General
Nathaniel.Plemons@oag.texas.gov

*Counsel for Defendant-Appellant*

# Table of Contents

Page

Table of Contents ..... i
Table of Authorities ..... ii
Position of Plaintiffs-Appellees ..... 1
Background ..... 2
Argument ..... 3
I. Texas's nonsuit ended the state court proceeding that the preliminary injunction restrains, mooting it and this appeal. ..... 3
II. The forthcoming Stipulated Dismissal With Prejudice of the underlying federal action provides further grounds to moot this interlocutory appeal. ..... 6
Conclusion and Prayer ..... 8
Certificate of Compliance ..... 9
Certificate of Service ..... 10
Certificate of Conference ..... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases:**

*Acheson Hotels, LLC v. Laufer*,
601 U.S. 1 (2023) .......... 7
*Am. C.L. Union of Massachusetts v. U.S. Conf. of Cath. Bishops*,
705 F.3d 44 (1st Cir. 2013) .......... 4
*Birnbaum v. CSD Van Zandt, LLC*,
735 S.W.3d 911 (Tex. App. 2026) .......... 3
*Bos. Bit Labs, Inc. v. Baker*,
11 F.4th 3 (1st Cir. 2021) .......... 4, 5
*Capriole v. Uber Techs., Inc.*,
991 F.3d 339 (1st Cir. 2021) .......... 6
*Chaparro–Febus v. International Longshoremen Ass'n, Local 1575*,
983 F.2d 325 (1st Cir. 1992) .......... 6
*Freightliner LLC v. Puerto Rico Truck Sales, Inc./Freightliner De Puerto Rico*,
205 F. App'x 853 (1st Cir. 2006) .......... 6
*Gaston v. CFour Appraisals, Inc.*,
No. 01-24-00555-CV, 2026 WL 958569 (Tex. App. 2026) .......... 3
*Grant v. Trial Ct. of Massachusetts*,
183 F.4th 29 (1st Cir. 2026) .......... 7
*Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*,
527 U.S. 308 (1999) .......... 6
*Harris v. Univ. of Massachusetts Lowell*,
43 F.4th 187 (1st Cir. 2022) .......... 6
*In re Caribbean Tubular Corp.*,
813 F.2d 533 (1st Cir. 1987) .......... 5, 6
*Matos ex rel. Matos v. Clinton Sch. Dist.*,
367 F.3d 68 (1st Cir. 2004) .......... 4, 5
*Morath v. Lewis*,
601 S.W.3d 785 (Tex. 2020) .......... 3-4
*Morris v. Affleck*,
437 F.2d 82 (1st Cir. 1971) .......... 5
*O'Neil v. Canton Police Dep't*,
116 F.4th 25 (1st Cir. 2024) .......... 5

*Orr v. Trump*,
178 F.4th 34 (1st Cir. 2026) .......... 4, 7
*Paxton v. Comm'n for Law. Discipline*,
707 S.W.3d 115 (Tex. 2025) .......... 4
*Univ. of Tex. Med. Branch at Galveston v. Est. of Blackmon ex rel. Shultz*,
195 S.W.3d 98 (Tex. 2006) .......... 3
*Villafani v. Trejo*,
251 S.W.3d 466 (Tex. 2008) .......... 3
*Villeneuve v. Avon Prods., Inc.*,
977 F.3d 89 (1st Cir. 2020) .......... 7

**Statutes and Rules:**

Fed. R. App. P.
27 .......... 1
Fed. R. Civ. P. 41(a)(1)(A)(ii) .......... 1
Tex. Bus. & Com. Code
§ 17.46 .......... 2
§ 17.47(e) .......... 2
§ 17.47(h) .......... 2
Tex. R. Civ. P. 162 .......... 3, 4

Defendant-Appellant, Warren Kenneth Paxton, Jr., in his official capacity as Attorney General of the State of Texas (the "Texas Attorney General"), moves under Federal Rule of Appellate Procedure 27 and First Circuit Local Rule 27.0(c) to dismiss his appeal in this action for lack of jurisdiction because it is moot.

The Texas Attorney General appeals a preliminary injunction entered by the United States District Court for the District of Massachusetts that barred him from prosecuting a petition his Consumer Protection Division filed against ActBlue, LLC, in the District Court for Tarrant County, Texas, 96th Judicial District. Plaintiffs-Appellees ActBlue, LLC, ActBlue Civics, Inc., ATS, Inc. and ActBlue Charities, Inc. (together, "ActBlue") in Texas state court. Texas has since non-suited that petition with prejudice, *see* Exhibit A (notice of non-suit), and the parties to this proceeding have agreed to file a self-effectuating Stipulation of Dismissal with Prejudice pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, after the dismissal of this appeal. With no state court proceeding left to enjoin, and the proceeding below from which the Texas Attorney General appeals to be dismissed with prejudice, a ruling on whether the preliminary injunction should have issued can have no effect on the parties' legal rights. The appeal should accordingly be dismissed as moot.

## Position of Plaintiffs-Appellees

Counsel for the Texas Attorney General conferred with counsel for ActBlue on November 20, 2026. ActBlue assents to the dismissal of this appeal as moot.

## BACKGROUND

1. On April 20, 2026, the State of Texas filed an original petition against ActBlue LLC in the District Court of Tarrant County, Texas, 96th Judicial District, captioned *State of Texas v. ActBlue LLC*, Cause No. 096-376890-26. The Petition alleged that ActBlue LLC violated the Texas Deceptive Trade Practices Act (DTPA), by misrepresenting its services. Tex. Bus. & Com. Code § 17.46.[1]

2. On May 20, 2026, the State filed the State of Texas's Amended Petition and Request for Temporary and Permanent Injunctions.

3. On May 1, 2026, ActBlue filed a Complaint in the United States District Court for the District of Massachusetts seeking to enjoin Texas from prosecuting the Texas lawsuit. Their federal lawsuit, captioned *ActBlue LLC, et al. v. Warren Kenneth Paxton, Jr., in his official capacity as the Attorney General of the State of Texas*, Dkt. No. 1:26-cv-11986-RGS, alleged that the Texas lawsuit was retaliatory and filed in violation of ActBlue's First Amendment rights.

4. On June 11, 2026, the district court granted ActBlue's motion and preliminarily enjoined and restrained Texas from continuing to litigate the Texas action.

5. On June 15, 2026, Texas noticed this interlocutory appeal. The appeal was fully briefed by the parties on October 19, 2026, with additional amicus curiae briefing completed on November 6, 2026. Oral argument has not been scheduled.

---

[1] DTPA actions are brought by "the consumer protection division" of the Office of the Attorney General "in the name of the state." Tex. Bus. & Com. Code § 17.47(e) and (h).

6. On November 20, 2026, Texas filed a Notice of Nonsuit With Prejudice in the Texas court, nonsuiting the Texas Petition in its entirety under Texas Rule of Civil Procedure 162. A copy of the notice is attached as Exhibit A. ActBlue asserted no counterclaim or other claim for affirmative relief in the Texas action, and no motion for sanctions, attorney's fees, or costs was pending when the nonsuit was filed.

## Argument

### I. Texas's nonsuit ended the state court proceeding that the preliminary injunction restrains, mooting it and this appeal.

Under Texas law, a plaintiff "may dismiss a case, or take a non-suit," at any time before it has introduced all of its evidence other than rebuttal evidence. Tex. R. Civ. P. 162. "Under Texas Law, parties have an absolute right to nonsuit their own claims for relief at any time during the litigation until they have introduced all evidence other than rebuttal evidence at trial." *Villafani v. Trejo*, 251 S.W.3d 466, 468-69 (Tex. 2008). "A nonsuit is effective when filed: it 'extinguishes a case or controversy from the moment the motion is filed or an oral motion is made in open court; the only requirement is the mere filing of the motion with the clerk of the court." *Gaston v. CFour Appraisals, Inc.*, No. 01-24-00555-CV, 2026 WL 958569 (Tex. App. 2026) (quoting *Univ. of Tex. Med. Branch at Galveston v. Est. of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam)). Any later dismissal order is ministerial. *Birnbaum v. CSD Van Zandt, LLC*, 735 S.W.3d 911, 914 (Tex. App. 2026).

The Supreme Court of Texas has explained that a plaintiff's nonsuit "is not merely the end of the case. It is the end of the Court's power to decide the case, assuming there are no claims for relief against the non-suiting party." *Morath v.*

*Lewis*, 601 S.W.3d 785, 788 (Tex. 2020). The Court applied that rule to the State itself when a state agency non-suited its case, holding that "the Commission's nonsuit renders this case moot." *Paxton v. Comm'n for Law. Discipline*, 707 S.W.3d 115, 117 (Tex. 2025). Texas Rule of Civil Procedure 162 preserves only an adverse party's pending claim for affirmative relief and pending motions for sanctions, fees, or costs. Tex. R. Civ. P. 162. Neither applies here.

Independently, with nothing left to enjoin, this interlocutory appeal is moot. Article III requires that "an actual controversy must be extant at all stages of the review, not merely at the time the complaint is filed." *Am. C.L. Union of Massachusetts v. U.S. Conf. of Cath. Bishops*, 705 F.3d 44, 52 (1st Cir. 2013). A case becomes moot and therefore no longer constitutes a case and controversy for purposes of Article III when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome, and "[w]hen a case is moot, dismissal of the action is compulsory." *Orr v. Trump*, 178 F.4th 34, 35-36 (1st Cir. 2026) (alteration in original; internal quotation marks omitted). The requirement applies separately to an appeal. A case or controversy must exist at every stage of appellate review, and if events after the appeal is taken make effective relief impossible, the appeal is no longer justiciable. *Matos ex rel. Matos v. Clinton Sch. Dist.*, 367 F.3d 68, 71–72 (1st Cir. 2004). "The key question is whether the relief sought would, if granted, make a difference to the legal interests of the parties . . . ." *Bos. Bit Labs, Inc. v. Baker*, 11 F.4th 3, 8 (1st Cir. 2021) (internal quotation marks omitted).

These principles apply with particular force to interlocutory appeals of preliminary injunctions. Such an appeal exists only to test whether the district court

erred in granting or denying preliminary relief. When that harm-preventing function can no longer be served, the justiciability of the appeal is called into question. *Matos ex rel. Matos v. Clinton Sch. Dist.*, 367 F.3d 68, 71–72 (1st Cir. 2004). This Court has held injunction appeals moot when the challenged injunction no longer restrains anything. In *Morris v. Affleck*, state officials appealed a preliminary injunction against state proceedings, and the Court dismissed the appeal as moot after the injunction was dissolved. 437 F.2d 82, 83–84 (1st Cir. 1971). Likewise, when the state court dismissed the claims a plaintiff had sought to enjoin, there was "no ongoing conduct left for the court to enjoin," and the appeal was dismissed. *O'Neil v. Canton Police Dep't*, 116 F.4th 25, 31 (1st Cir. 2024). And when a proceeding underlying an interlocutory appeal is dismissed, the appeal is moot. *In re Caribbean Tubular Corp.*, 813 F.2d 533, 534–535 (1st Cir. 1987).

This appeal is moot for the same reasons. The only thing the preliminary injunction restrained was the Texas Attorney General's prosecution of the Texas Petition, and Texas has voluntarily nonsuited it with prejudice. Reversal would not let Texas go forward with a case it has already dismissed with prejudice; affirmance would not shield the ActBlue from an underlying proceeding that no longer exists and cannot be refiled. Either way, the decision would make no "difference to the legal interests of the parties[.]" *Bos. Bit Labs,* 11 F.4th at 8.

## II. The forthcoming Stipulated Dismissal With Prejudice of the underlying federal action provides further grounds to moot this interlocutory appeal.

A preliminary injunction is interlocutory and does not survive the end of the case in which it was entered. This Court has long held that "preliminary injunctions, which are interlocutory in nature, cannot survive a final order of dismissal," so an appeal concerning a preliminary injunction becomes moot once the underlying claim no longer exists. *Freightliner LLC v. Puerto Rico Truck Sales, Inc./Freightliner De Puerto Rico*, 205 F. App'x 853, 855 (1st Cir. 2006) (quoting Chaparro-*Febus v. International Longshoremen Ass'n, Local 1575*, 983 F.2d 325, 331 n.5 (1st Cir. 1992)). In the same way, "[i]t has long been the law that an appeal from the denial of a preliminary injunction motion becomes moot when final judgment issues because the district court's denial of the motion merges with the final judgment." *Capriole v. Uber Techs.*, Inc., 991 F.3d 339, 343 (1st Cir. 2021). This Court has applied that rule where the district court dismissed the underlying case while the appeal was pending, holding that the preliminary injunction appeal was moot because the ruling had merged into the final judgment of dismissal. *Harris v. Univ. of Massachusetts Lowell*, 43 F.4th 187 (1st Cir. 2022). It has likewise held that dismissal of the entire underlying proceeding leaves a pending interlocutory appeal moot and divests the reviewing court of jurisdiction to consider it. *In re Caribbean Tubular Corp.*, 813 F.2d 533, 534–35 (1st Cir. 1987). The Supreme Court applies the same principle: when the preliminary injunction no longer has any effect, there is no purpose in deciding separately whether it should have issued. *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 314–18 (1999).

Settlement and voluntary dismissal produce the same result. Where parties settle and leave neither side with an issue to pursue on appeal, this Court has concluded that "the issues presented in the initial appeal are no longer live" and that it "must dismiss the appeal." *Villeneuve v. Avon Prods., Inc.*, 977 F.3d 89, 92 (1st Cir. 2020) (internal quotation marks omitted). The Supreme Court reached the same conclusion when a plaintiff voluntarily dismissed her suit with prejudice: the case was moot, and the Court dismissed it on that ground. *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 4–5 (2023).

These principles resolve this motion. The parties have agreed to dismiss both underlying actions with prejudice. No claim will remain on which the preliminary injunction could rest, and the injunction will no longer restrain ActBlue in any respect. If this Court were to reverse the preliminary injunction order, the reversal would change nothing. There would be no injunction left to dissolve and no pending case to remand. As this Court has explained, when the challenged order is "wiped away, there is nothing harming" the appellant "and thus nothing left for us to do that would make a difference to [its] legal interests." *Grant v. Trial Ct. of Massachusetts*, 183 F.4th 29, 36–37 (1st Cir. 2026). Thus, "[a]ny ruling on the merits would be an impermissible advisory opinion." *Orr*, 178 F.4th at 36.

## Conclusion and Prayer

For these reasons, Defendant-Appellant, Warren Kenneth Paxton, Jr., in his official capacity as Attorney General of the State of Texas, respectfully requests that the Court dismiss this appeal as moot.

Respectfully submitted.

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

William R. Peterson
Solicitor General

/s/ Nathaniel A. Plemons
Nathaniel A. Plemons
Assistant Solicitor General
Nathaniel.Plemons@oag.texas.gov

*Counsel for Defendant-Appellant*

## Certificate of Compliance

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,921 words, excluding the parts of the brief exempted by Rules 27(d)(2) and 32(f), according to the word count of Microsoft Word. This motion also complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14-point Equity font.

/s/ Nathaniel A. Plemons
Nathaniel A. Plemons

## Certificate of Service

I hereby certify that this document, filed through the Court's CM/ECF system, will be served electronically through the Court's e-notification system to all participants registered for service through the Court's electronic system on November 20, 2026.

/s/ Nathaniel A. Plemons
Nathaniel A. Plemons

## CERTIFICATE OF CONFERENCE

I hereby certify that on November 20, 2026, I conferred with counsel for ActBlue, Daniel Volchok, who indicated that ActBlue is unopposed to the relief requested in this motion.

/s/ Nathaniel A. Plemons
NATHANIEL A. PLEMONS